**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
REUBEN A. JACOBS, SR.,             :
                                   :    Civil Action
            Plaintiff,             :    09-0932 (JBS)
                                   :
        v.                         :    **O P I N I O N**
                                   :
HUGIT'S BAR AND RESTAURANT,        :
                                   :
            Defendant.             :
_____:

**APPEARANCES:**

    REUBEN A. JACOBS, SR., Plaintiff pro se
    #218687
    Hudson County Correctional Center
    South Kearny, New Jersey 07032

**Simandle**, District Judge:

    Plaintiff, an inmate currently confined at the Hudson County Correctional Center, South Kearny, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement, pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint. The complaint alleges that Defendant, a private business establishment (i.e., a bar/restaurant enterprise), violated Plaintiff's rights because Plaintiff was shot in his thigh while patronizing Defendant's business. See Compl. at 6 (the complaint is silent as to the events of the shootings).

I.  **STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

The Court of Appeals for the Third Circuit recently provided guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals stated as follows:

> [There are] two new concepts in Twombly [127 S. Ct. 1955 (2007)].  First, . . . "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's [Rule 8] obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3.  . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to

2

> relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3.  Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from Conley.  See id. at 1968. . . .
>
> [T]he Twombly decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. . . . [Thus,] taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S. Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where . . . the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  See Airborne Beepers & Video, Inc., v. AT&T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir. 2007). . . . After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."  Id. . . . .

Phillips, 515 F.3d at 230-34 (original brackets removed). Further, in determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

## II. DISCUSSION

### A.  Color of Law Requirement

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws.[1]  See Groman v. Twp. of Manalapan, 47 F.3d

---

[1] Section 1983 provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State .

3

628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633.

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State: (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible; and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

---

. . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**B.   A Private Restaurant Is Not a State Actor**

Defendant, a private business establishment, is not a state actor within the meaning of § 1983, see, e.g., Talmadge v. Herald News, 2007 U.S. Dist. LEXIS 78078 (D.N.J. Oct. 22, 2007) (a newspaper and its editor did not operate under color of law when the newspaper published an allegedly libelous article about plaintiff's prosecution); Caracter v. Avshalumov, 2006 U.S. Dist. LEXIS 81619, ay *6-7 (D.N.J. Nov. 2, 2006) (managers of a Verizon store were not state actors, even if they apprehended plaintiff during plaintiff's shoplifting and held him until police arrived and arrested plaintiff), regardless of the fact that Defendant, seemingly, holds (or allowed to hold) state licence to sell alcoholic beverages.  See Comiskey v. JFTJ Corp., 989 F.2d 1007 (8th Cir. 1993 (a bar and restaurant establishment cannot be deemed a state actor for purposes of § 1983 merely because state had issued liquor license to the establishment); Harrison v. Malchom, 664 F. Supp. 1110 (N.D. Ohio 1987) (where plaintiff, a customer who shot a bartender, alleged that the bartender/owner was negligent in serving him large number of drinks (which resulted in plaintiff's for failure to meet the color of law requirement, since the level of state control in issuing liquor license is not sufficiently significant or pervasive to make licensee a "state actor").

Since Defendant's actions at issue, i.e., ownership, maintenance and security of a public enterprise serving food and drinks, cannot be fairly attributed to the State, Plaintiff's

5

allegations fail to meet the threshold color of law requirement, and the complaint must be dismissed for failure to state claim upon which relief may be granted.

Moreover, while this Court is mindful of the Third Circuit's teaching that a pro se civil complaint, generally, should not be dismissed without allowing the litigant an opportunity to amend, cf. Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000), a dismissal with prejudice appears appropriate in the instant matter.  Plaintiff's naming of Defendant as the sole defendant in this action, as well as Plaintiff's well-detailed allegations against Defendant unambiguously indicate that, in this action, Plaintiff intended to challenge solely the activity of Defendant as a private bar/restaurant establishment.  Since Defendant's status as a private business cannot be changed by Plaintiff's re-pleading, this Court finds leave to amend futile.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to file the complaint without prepayment of the filing fee and dismisses the complaint with prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

                                          s/ Jerome B. Simandle
                                              **JEROME B. SIMANDLE**
                                       **United States District Judge**

Dated:   **April 20**   , 2009